IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL NO.: 1:12cv355-HSO-RHW |
| | § | 1:10cr93-HSO-RHW |
| ROGELIO RODRIGUEZ-JUAREZ | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is Defendant Rogelio Rodriguez-Juarez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [31], filed November 13, 2012, pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his March 17, 2011, Judgment of Conviction [23] for illegal reentry by a deported alien after an aggravated felony. Former defense counsel Ms. Ellen Allred has filed a Response [38], and the Government has also filed a Response [40]. After due consideration of the issues presented, the record, and relevant legal authorities, the Court is of the opinion that the Motion should be denied.

I. FACTS AND PROCEDURAL HISTORY

On October 14, 2010, Defendant was charged in a criminal Complaint [1] and appeared before the Court. Attorney Scott Davis was initially appointed as counsel for Defendant. Minute Entry October 14, 2010. Defendant, with the assistance of a sworn interpreter, requested and was granted a preliminary hearing. *Id.* On October 15, 2010, Assistant Federal Public Defender Ellen Allred entered her

1

appearance as counsel for Defendant. Notice of Att'y Appearance [5]. On October 18, 2010, a hearing was held before United States Magistrate Judge Robert Walker. Defendant, his counsel, and an interpreter appeared. Minute Entry October 18, 2010. During the hearing, Defendant executed a Waiver of Preliminary Hearing [6] and was detained.

A single count Indictment [10] was filed November 3, 2010, which charged that:

> on or about October 14, 2010, in Harrison County . . . Rogelio Rodriguez-Juarez, an alien to the United States and citizen of Mexico, having previously been convicted . . . of the offense of . . . an aggravated felony, and deported from the United States on or about June 8, 2009, was found in the United States without having received the permission of the Attorney General of the United States or the Secretary of Homeland Security to re-enter the United States, all in violation of 8 U.S.C. §§ 1362(a)(2) and 1362(b)(2).

Indictment 1 [10].

On December 15, 2010, Defendant filed a Notice of Intent to Plead Guilty [18]. On December 21, 2010, Defendant entered into a written Plea Agreement [19] with the Government and entered a plea of guilty to Count One of the Indictment. A sealed Plea Supplement [20] was also entered on December 21, 2010, setting forth certain obligations on the part of Defendant and the Government. Ms. Allred represented Defendant during this proceeding.

On March 11, 2011, the Court sentenced Defendant to 46 months imprisonment. Minute Entry March 11, 2011. In addition, Defendant was sentenced to a three year term of supervised release and a mandatory special assessment in the amount of $100.00. *Id*. The Judgment of Conviction [23] was

executed and filed on March 17, 2011.  A Notice of Appeal [24] was filed on behalf of Defendant on March 21, 2011, by Ms. Allred.   The Fifth Circuit Court of Appeals granted the Government's Motion to Dismiss the appeal by Order [30] entered on September 26, 2011.

Defendant, proceeding *pro se*, filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 on November 13, 2012 [31], along with a Memorandum in Support [32].  Defendant alleges violations of due process resulting from ineffective assistance of counsel as grounds for relief.  Pet. [31] at pp. 4-6.  On February 4, 2013, Ms. Allred filed a Response to Defendant's § 2255 Petition.  On March 11, 2013, the Government likewise filed a Response [40].

## II. DISCUSSION

A.   Legal Standard

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).  "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)).  Upon a conviction and exhaustion of any right to appeal, courts are entitled

to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

B.   <u>Waiver of Right to Assert Claims Under 28 U.S.C. § 2255</u>

When Defendant entered his negotiated plea of guilty, he did so pursuant to a written Plea Agreement [19] which contained an unambiguous waiver of his right to appeal or collaterally attack the sentence in any post-conviction proceeding, including pursuant to a motion brought under 28 U.S.C. § 2255. Plea Agreement 4-6, ¶ 7 (a)-(e) [19]. The Plea Agreement states, in relevant part, as follows:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights:
>
>> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>>
>> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code,

>Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . .

Plea Agreement 4-5, ¶ 7 (a)-(b) [19].

A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon,* 972 F.2d 566, 568 (5th Cir. 1992), and the right to seek post-conviction relief, *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). In *Wilkes*, the Fifth Circuit Court of Appeals upheld a waiver of post-conviction relief under 28 U.S.C. § 2255 on grounds that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief. Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel . . . ." *Id.* at 653 (internal citations omitted). The Fifth Circuit determined that counsel could not "be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *Id.*; *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Here, Defendant raises the following instances of allegedly deficient performance on the part of his counsel, stating that these grounds were not available at the time his direct appeal was filed and pending:

>1) Counsel failed to investigate and later collaterally attack the invalid deportation order.
>2) Defendant was unaware of the availability of collateral attack, therefore his guilty plea was not considered and intelligently entered into.
>3) Defendant did not waive his right to be represented by counsel.

5

> 4) The underlying charge resulting in Defendant's deportation order was not a crime of moral turpitude and he was not "deportable" as charged and convicted.

Mem. in Supp. of Mot. to Vacate 1, 8, 12, 15-16, 24 [32].

In its Response, the Government seeks to enforce the waiver provision contained in the Plea Agreement, arguing that:

> [a]s part of his plea agreement, [D]efendant agreed to forgo his right to collaterally attack his conviction and sentence. [Defendant's] voluntary decision to plead guilty served to waive all nonjurisdictional defects, including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the plea involuntary." . . . The waiver of post-conviction relief provision was clearly set forth in [D]efendant's plea agreement, which the [D]efendant and his counsel signed. . . . [Defendant] "can point to no evidence in the record that [his] explicit waiver, included in the written plea agreement and signed by [Defendant] and [his] counsel, was not informed and voluntary."

Govt.'s Resp. 5-6 [40] (citations omitted).

The Affidavit tendered by Defendant's counsel, Ms. Allred, states in pertinent part as follows:

> On December 15, 2010, I reviewed with [Defendant] each provision contained in the Plea Agreement and Supplement using the services of an interpreter and paying special attention to the waivers of the right to appeal and post conviction relief due to the gravity of such waivers. I explained to [Defendant] his appellate rights, as well as his right to post-conviction relief, and cautioned him that by signing the plea agreement, he was giving up the right to challenge his conviction and sentence if he was dissatisfied with the outcome. I afforded [Defendant] the opportunity to ask any questions he had concerning the provisions of the plea agreement and supplement. [Defendant] did not indicate that he lacked clarity as to any of the terms of the agreement.

Resp. of Ellen Allred to Def.'s Mot. to Vacate 3 [38].

6

The following excerpt from Defendant's plea colloquy supports the conclusion that he was fully advised and aware that his negotiated plea of guilty included a waiver of his right to appeal or contest the sentence in a post-conviction proceeding.

> THE COURT: I want to review [the waivers] with you again to make sure you understand them. You understand you are waiving your right to appeal the conviction and sentence imposed in this case or the manner in which the sentence is imposed, on any grounds whatsoever?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> THE COURT: You further understand you are waiving your right to contest the conviction and sentence or the manner in which the sentence is imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28 United States Code, Section 2255?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> THE COURT: You also understand you're waiving any right to seek any attorneys' fees or costs in this case, and you are acknowledging that the government's position in this case was not vexatious, frivolous, or in bad faith?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> \*   \*   \*
>
> THE COURT: And do you knowingly and voluntarily agree to all the terms of the plea agreement and the plea supplement, including the waiver terms?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> THE COURT: Ms. Allred, are you satisfied your client knowingly and voluntarily agrees to all the terms of the plea agreement and the plea supplement, including the waivers?
>
> MS. ALLRED: Yes, Your Honor.

Tr. of Rogelio Rodriguez-Juarez's Guilty Plea 19-22 [28].

Although a guilty plea generally waives all non-jurisdictional defects, including an ineffective assistance claim, Defendant may raise an ineffective assistance claim to the extent that it affected the voluntariness of his plea. *United States v. Cavitt,* 550 F.3d 430, 441 (5th Cir. 2008). The Fifth Circuit has held that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

The record supports a finding, however, that Defendant entered his plea knowingly and voluntarily. During the plea hearing, the Court questioned him on whether he understood the terms of the Plea Agreement and its waiver provisions, and whether he had been made any other promises or assurances beyond those contained in the Plea Agreement.

> THE COURT: Now, do the plea agreement and plea supplement represent the entirety of your understanding with the government?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
>        \*    \*    \*
>
> THE COURT: Has anyone made any other different promises or assurances of any kind to you, other than those contained in the plea agreement and the plea supplement in an effort to induce you to plead guilty in this case?
>
> DEFENDANT RODRIGUEZ-JUAREZ: No, Your Honor.
>
> THE COURT: Once again, has anyone in any way attempted to force you or threaten you to plead guilty in this case?
>
> DEFENDANT RODRIGUEZ-JUAREZ: No, Your Honor.

> THE COURT: Are you pleading guilty of your own free will, and because you are, in fact, guilty?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> THE COURT: Do you understand that the terms of the plea agreement and the plea supplement are merely recommendations to the Court, that I can reject those recommendations without permitting you to withdraw your plea of guilty and impose a sentence that is more severe than you may anticipate. Do you understand that?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.

Tr. of Rogelio Rodriguez-Juarez Guilty Plea 14-15 [28].

The Court also advised Defendant that the sentence ultimately imposed might be different from any estimate his attorney may have given him. Defendant acknowledged his understanding of this possibility.

> THE COURT: Have you discussed [the possible sentencing consequences] with your attorney and asked her any and all questions you may have had about them?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> THE COURT: And did you understand her explanation?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.
>
> \* \* \*
>
> THE COURT: You also understand that the sentence ultimately imposed by the Court may be different from any estimate that your attorney may have given you?
>
> DEFENDANT RODRIGUEZ-JUAREZ: Yes, Your Honor.

Tr. of Rogelio Rodriguez-Juarez Guilty Plea 18-19 [28].

As evidenced by the record, Defendant knowingly entered into a Plea Agreement wherein he not only waived the right to appeal the sentence imposed,

9

but he also waived any right to contest the sentence in a post-conviction proceeding, including the filing of a Motion seeking relief pursuant to § 2255.  Defendant cannot demonstrate that he has suffered a violation of his constitutional rights, or that the waiver in the Plea Agreement should not be enforced.

C.      Ineffective Assistance of Counsel

Even assuming Defendant could avoid the waiver provision contained in his Plea Agreement, the Court concludes that he could not prevail on the merits of an ineffective assistance of counsel claim.  To demonstrate ineffective assistance of counsel, Defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).  "[M]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."  *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

When considering whether counsel provided ineffective assistance, the Court must presume that "counsel's conduct [fell] within the wide range of reasonable professional assistance[,]" and a defendant must overcome that presumption.  *Strickland*, 466 U.S. at 689.  To demonstrate "prejudice" in the *Strickland* sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

10

In support of his ineffective assistance of counsel claim, Defendant contends that his attorney failed to file a motion to dismiss the Indictment based upon the invalidity of the original deportation order. Defendant essentially argues that as a result of this inaction, he did not knowingly enter his guilty plea. "Because Mr. Juarez did not fully understand the consequences of any waiver provision in his plea agreement, such waiver is unenforceable in these proceedings." Mem. in Supp. of Mot. to Vacate 30 [32]. He asserts that he was denied effective assistance of counsel inasmuch as he was unaware that he had waived his right to collaterally attack the "invalid deportation order" and his counsel failed to properly investigate and advise him in this regard. *Id.* at 29-30.

However, the aforementioned excerpts of Defendant's plea colloquy demonstrate that he was questioned not only regarding his mental ability and competency to enter into a plea, but also as to the consequences and ramifications of entering a plea of guilty. The record supports a finding that Defendant entered his plea knowingly and intelligently. Any alleged failure on the part of Defendant's attorney in this regard did not amount to ineffective representation.

D.      <u>Collateral Attack on the Validity of the Deportation Order</u>

Defendant contends that his counsel was ineffective in not collaterally attacking the underlying deportation order because the Notice to Appear incorrectly states that his prior deportation was the result of his being convicted of a crime of moral turpitude. Mem. in Supp. of Mot. to Vacate 10-18, 28-31 [32]. Defendant argues this rendered the underlying deportation invalid because the sole basis for

11

the deportation was his conviction of aggravated domestic violence under section 97-3-7(4) of the Mississippi Code, which is not a crime of moral turpitude. *Id.* at 13-14. Defendant concludes that the indictment charging him with illegal reentry was subject to dismissal because the underlying deportation was invalidated by the reference to a crime of moral turpitude. Defendant asserts that had he been advised of his right to challenge the underlying deportation, he would have insisted on such a challenge and would not have waived his right to do so. *Id.* at 29, 31.

According to Ms. Allred, she examined a copy of the discovery in Defendant's illegal reentry case prior to his guilty plea. Resp. of Ellen Allred to Def.'s Mot. to Vacate 1 [38]. This discovery included the Notice to Appear which indicated that Defendant was subject to deportation on grounds that he was an alien present in the United States without having been admitted or who arrived other than as designated by the Attorney General and on grounds that he was an alien convicted of a crime involving moral turpitude. *Id.* at 1-2. The discovery also included a worksheet on which Defendant indicated that his rights had been explained to him and a copy of Defendant's February 2009 conviction for aggravated domestic violence in violation of Mississippi Code § 97-3-7(4). *Id.* at 2. Ms. Allred met with Defendant on December 3, 2010, and she discussed with Defendant his right to a jury trial, the charges against him, the elements necessary to prove those charges, and the discovery provided by the Government. *Id.* at 2-3. Ms. Allred "questioned [Defendant] regarding the circumstances of his presence in the country prior to his deportation and examined the grounds for his removal." *Id.* at 3. Neither the

12

discovery nor her discussion with Defendant revealed to Ms. Allred valid grounds upon which Defendant may have contested his deportation. *Id*.

The discovery [44-1] submitted by the Government in this case supports Ms. Allred's position. "[T]o attack collaterally a deportation proceeding under § 1326, the alien must show that the procedural defects caused actual prejudice, which requires a showing of a reasonable likelihood that, without the procedural errors, he would not have been deported." *United States v. Guzman-Ocampo*, 236 F.3d 233, 239 (5th Cir. 2000). "A showing of prejudice means 'there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported.'" *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658-59 (5th Cir. 1999) (quoting *United States v. Estrada–Trochez*, 66 F.3d 733, 735 (5th Cir. 1995)). "[I]f the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326." *Id.* at 659 (internal marks and citation omitted).

Defendant's conviction of aggravated domestic violence rendered Defendant deportable such that he could not demonstrate actual prejudice even had his counsel collaterally attacked the deportation order. "Any alien who . . . is convicted of a crime of domestic violence . . . is deportable." 8 U.S.C. § 1227(a)(2)(E)(i). Defendant was convicted of aggravated domestic violence in violation of Mississippi Code § 97-3-7(4). Defendant does not dispute that his conviction of aggravated domestic violence falls within the ambit of section 1227(a)(2)(E)(i). Mem. Br. in Supp. of Mot. to Vacate 24-25 [32]. Whether or not there were procedural defects in

13

the Notice to Appear, defendant was deportable and therefore he cannot show actual prejudice necessary to collaterally attack his deportation. *Guzman-Ocampo*, 236 F.3d at 239 (concluding deportation proceeding could not be collaterally attacked based on procedural defect contained in indictment because evidence demonstrated the alien "was in the country without inspection and without being admitted for permanent residency, and he was convicted of an aggravated felony"). For these reasons, the Court concludes that the factual basis of Defendant's ineffective assistance of counsel claim lacks sufficient foundation in the record to justify the relief he seeks. The Court will therefore deny Defendant's request to vacate to the extent it is predicated on his counsel not having collaterally attacked the underlying deportation.

E.  Need for an Evidentiary Hearing

Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") provides that, "[i]f a petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."

The Court must first consider whether the applicant has presented "independent indicia of likely merit of [his] allegations." *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (quoting *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)). "Once such independent evidence is presented, '[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion,

14

files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).

Based upon the evidence of record in this matter, including the discovery materials from the underlying criminal action, Defendant has not shown the "likely merit" of his allegations. *See id.* At the sentencing hearing, this Court provided its reasons for sentencing Defendant as it did. The sentence fell below the applicable statutory maximum sentences, as well as within the sentencing guideline range. It is not possible for Defendant to demonstrate "prejudice" in the *Strickland* sense, in that he cannot establish a reasonable probability that, but for counsel's unprofessional errors, he would have refused to plead guilty due to the waiver provisions contained in the Plea Agreement. Accordingly, the Court need not conduct an evidentiary hearing before dismissing Defendant's § 2255 Motion.

### III.  CONCLUSION

Defendant's arguments are belied by the record. The record reveals and the Court concludes that Defendant knowingly and intelligently entered into his Plea Agreement. Defendant's Plea Agreement included waiver provisions pursuant to which he waived both the right to appeal his conviction or sentence and the right to seek to vacate his conviction or sentence, and the Court is of the opinion that these waiver provisions are valid and enforceable. As a result, Defendant's waiver of his right to seek to vacate his sentence precludes his challenge to the reasonableness of his sentence.

The Court is also of the opinion that the waiver provisions, Defendant's statements made during the plea colloquy, and the Government's discovery in the underlying criminal case all preclude Defendant from demonstrating "prejudice" in the *Strickland* sense, in that he cannot establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been any different. The Court concludes that Defendant's ineffective assistance of counsel arguments are without merit.

The Court further finds that the fact Ms. Allred did not collaterally attack the deportation order underlying Defendant's indictment for illegal reentry does not support his request to vacate because Defendant cannot demonstrate that he suffered actual prejudice that would allow him to collaterally attack his deportation.

For the reasons stated herein, and because the Motion, related pleadings, and record in this case conclusively show that Defendant is entitled to no relief, the Court finds that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [31] of Defendant Rogelio Rodriguez-Juarez to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of April, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE